UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHELLCRISE MENDOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00409-TWP-DML |
| | ) | |
| PARTNER'S AND HOUSING, KASLEY CARROLL, MONICA LAMBERT, and LAVONTA SMITH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

Under separate Order, the Court granted *pro se* Plaintiff Chellcrise Mendoza's ("Mendoza") Request to Proceed in District Court Without Prepaying the Filing Fee (Filing No. 5). Because Mendoza is allowed to proceed *in forma pauperis*, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**A. Screening**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## B. The Complaint

In this civil action, *pro se* plaintiff Mendoza filed a fill-in-the-blank "Complaint for a Civil Case" on February 22, 2021, against Defendants Partner's and Housing, Kasley Carroll, Monica Lambert, and Lavonta Smith (collectively, "Defendants") ([Filing No. 1](#)). Mendoza checked the box for federal question jurisdiction and asserted that the Defendants "are violating my right to fair housing and also for having a disability and also for my ethnicity." *Id.* at 2.

Mendoza alleges that she filed a complaint with her apartment office because there was mold in her apartment. After she filed the complaint and "asked too many questions," the apartment personnel started to harass her and threaten to evict her. Mendoza alleges that she started working with a lawyer to assist with her housing situation, and the apartment personnel told her lawyer that she asks too many questions about being transferred to a different apartment. Mendoza further alleges that she has "worked with legal services before and [the apartment personnel] are using that against [her]." *Id.* at 5. She asserts that they want to evict her for asking them too many questions and for going to the office on February 6, 2020, to reach out to somebody. Mendoza also alleges that she has been a victim of domestic abuse and has requested an apartment transfer for this reason. She needs an apartment transfer for health and safety reasons. *Id.*

## C. Dismissal of Complaint

Based on the Complaint filed, this Court does not have jurisdiction to adjudicate the claim that Mendoza has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

It appears from the Complaint that Mendoza is bringing a state law claim based on a general landlord-tenant dispute. While Mendoza has conclusorily asserted discrimination, harassment and disability, she has failed to allege any factual basis--such as the nature of her disability or her ethnicity--that connects a protected class to any housing discrimination or harassment. Therefore, there are no factual allegations in the Complaint that support a violation of federal law to give rise to federal question jurisdiction in this Court.

While the Complaint appears to assert a state law claim, Mendoza seems to allege the state citizenship of the parties to be Indiana, which would not support diversity jurisdiction, and she has failed to allege the amount in controversy. Federal jurisdiction exists where the controversy is between citizens of different States, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Citizenship is the operative

consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").[1] Because there are no allegations of the amount in controversy, and Mendoza seems to allege that the parties are citizens of the same State, the Complaint is subject to dismissal for lack of subject-matter jurisdiction.

## D. Opportunity to Show Cause

Mendoza shall have through **Wednesday, April 7, 2021**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mendoza elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Mendoza claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case

---

[1] The Court notes that the citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011). Thus, the complaint must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982).

number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## **CONCLUSION**

Having screened the Complaint, the Court finds it is subject to dismissal for lack of subject-matter jurisdiction. Mendoza is granted leave to file an amended complaint by no later than **Wednesday, April 7, 2021**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date: 3/5/2021

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CHELLCRISE MENDOZA
245 West 38th Street
Indianapolis, IN 46208